## STEINBERG v. AMERICAN EXPORT LINES, Inc.

No. 73 of 1947.

United States District Court
E. D. Pennsylvania.

Dec. 3, 1948.

See also 81 F.Supp. 364.

Wilfred R. Lorry and Freedman Landy & Lorry, all of Philadelphia, Pa., for libellant.

Robert Cox an Krusen, Evans & Shaw, all of Philadelphia, Pa., for respondent.

McGRANERY, District Judge.

### Findings of Fact

1. On September 7, 1946, libellant was 37 years of age, a citizen of the United States and a member of the American Merchant Marine.

2. Libellant, at all times material herein, was employed by the respondent as a member of the crew, in the capacity of Messman, on the S. S. "Netherlands Victory" at a wage of $150.00 per month, plus overtime and found.

3. On August 9, 1946, the libellant signed shipping articles as a member of the crew of the S. S. "Netherlands Victory" for a foreign voyage not to exceed twelve calendar months.

4. Respondent possessed, owned, operated and controlled the S. S. "Netherlands Victory" at all times material herein.

5. On September 7, 1946, while the vessel was approaching Naples, Italy, a finger on libellant's left hand was cut in the performance of his duties and while in the service of the vessel.

6. During the time a passenger on board the vessel was suturing libellant's finger, libellant was give an overdose of ammonia by the Purser.

7. Libellant suffered agonizing pain immediately after being given the ammonia by the Purser and, after emergency first-aid treatment, was removed the same day to an American military hospital in Naples, Italy. There he was given treatment for his finger and, to counteract the effect of the ammonia, was instructed to take lemon juice, milk and raw eggs. Libellant received the same treatment and advice each day for the next week.

8. The vessel arrived in the United State at Norfolk, Virginia, and, on October 9, 1946, libellant was taken to the United States Marine Hospital at Norfolk, Virginia, by the Captain. There he was instructed to have his teeth taken care of, and, for his stomach condition, to return to his home and rest for about two weeks, try home medication and follow a bland diet.

9. Libellant's stomach condition did not improve after his return to his home in Philadelphia on October 10, 1946, and, on October 28, 1946, he was admitted to the United States Marine Hospital at Baltimore, Maryland, where he remained under treatment and observation until November 4, 1946.

10. The United States Marine Hospital at Baltimore, Maryland, found that libellant's stomach was normal in size but appeared to be irritable; that a gastroscopy revealed a slightly more prominent than normal rugae and that the findings strongly suggested gastritis. Libellant had responded favorably to hospital treatment, medication and diet and was discharged. Subsequently, however, libellant continued to suffer stomach trouble and disability, which prevented him from working.

11. As a result of x-ray and other physical tests and internal examinations made in Philadelphia during April and May, 1948, it was determined that libellant has a chronic enteritis and gastritis and that, in addition to medication and medical care, he requires a special diet, frequent feedings of special foods and should abstain from any laborious pursuits which would render it impossible for him to follow this procedure and which would further aggravate his condition.

12. Since becoming ill aboard the ship, libellant has been unable to eat normally, has lost weight and has been rendered physically unable to do ordinary work, except where necessity requires, and under which circumstances he continues to suffer pain.

13. Libellant at no time has refused any treatment proffered to him.

14. Prior to the time of the accident on September 7, 1946, libellant was in good physical condition, and he was in no wise disabled.

15. Libellant's injuries were sustained in the service of the vessel and not by reason of his own misconduct.

16. Counsel for both parties have stipulated that the maintenance and cure for whatever period the Court fixes shall be at the rate of $3.50 per day. Therefore, libellant is entitled to maintenance at the rate of $3.50 per day from the date of his discharge from the S. S. "Netherlands Victory" on October 9, 1946, to the date of the trial on May 26, 1948, excluding such periods as he was employed for wages and the period when he was hospitalized at no expense.

17. Economic circumstances compelled libellant to resume work on May 28, 1947, when he was engaged as a Messman on the S. S. "Meridian Victory", a vessel which was operated by the respondent in this case. Libellant remained in the S. S. "Meridian Victory" until September 9, 1947. He resumed work on November 29, 1947, when he joined the S. S. "George Crile" as a Messman. He left this position on January 27, 1948, and on February 17, 1948, he joined the S. S. "James S. Lawson". He was compelled to stop work because of his impaired physical condition on April 16, 1948, and has been physically unable to work to the date of trial, viz. May 26, 1948.

18. The total time elapsed between the date of libellant's discharge from the vessel to the date of trial, that is, from October 9, 1946, to May 26, 1948, is 595 days, from which should be deducted for maintenance calculations the period of seven days while he was hospitalized in the United States Marine Hospital, Baltimore, Maryland, and the 225 days he was employed in 1947 and 1948, leaving a total of 363 days for which maintenance and cure is due. Calculated at the rate of $3.50 per day, this amounts to $1270.50.

Conclusions of Law

1. This Court has jurisdiction over the subject matter and the parties.

2. Libellant was injured in the service of the S. S. "Netherlands Victory" on September 7, 1946.

3. Respondent's duty to furnish maintenance and cure extends for a period after the termination of the voyage during which improvement in libellant's condition from nursing, care, and medical treatment could reasonably be expected.

4. Such a period, under the circumstances of this case, encompasses the time from October 9, 1946 to the date of trial, May 26, 1948.

5. Libellant is entitled to maintenance and cure from October 9, 1946, to the date of trial viz. May 26, 1948, excluding such periods as he was employed for wages and the period he was hospitalized under no expense to himself.

6. Respondent is liable to the libellant for maintenance and cure at the rate of $3.50 per day.

7. Libellant is entitled to an award of $1270.50 for maintenance and cure for 363 days at $3.50 per day, without prejudice to any later suit by libellant to recover such further maintenance and cure to which he may be entitled subsequent to May 26, 1948.

